UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LINDA A.,                        )
                                 )
              Plaintiff,         )
                                 )
        v.                       )        No. 1:19-cv-04262-MJD-JPH
                                 )
KILOLO KIJAKAZI,[1]              )
                                 )
              Defendant.         )

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff's counsel's Motion for Authorization of

Attorney Fees under 42 U.S.C. § 406(b).  [Dkt. 29.]  For the reasons set forth below, the motion

is **GRANTED**.

## I. Background

On April 6, 2020, Plaintiff filed a complaint seeking to reverse the decision of the

Commissioner of Social Security denying her application for Social Security benefits.  [Dkt. 1.]

On February 15, 2021, the Court granted the parties' joint motion to remand and entered

judgment reversing and remanding the case to the Social Security Administration for further

proceedings.  [Dkt. 22, 23.]  Plaintiff thereafter received an award of attorney fees under the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $5,610.67,

which was paid to Plaintiff's counsel.  [Dkt. 27.]

_____

[1] Pursuant to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from
his office as Commissioner of the Social Security Administration on July 9, 2021, Kilolo
Kijakazi automatically became the Defendant in this case when she was named Acting
Commissioner of the Social Security Administration.

On remand, the Commissioner issued a favorable decision.  [Dkt. 29-1.]  Plaintiff was awarded past-due benefits in the amount of $91,326.52, $22,831.63 (25%) of which was withheld by the Commissioner for a potential fee award.  *Id.*

On April 27, 2022, Plaintiff's counsel filed the instant motion, seeking an award of attorney's fees pursuant to Section 406(b) of the Social Security Act.  [Dkt. 28.]  Counsel asks the Court to order the Commission to remit to counsel $22,831.63, and to order counsel to refund to Plaintiff the $5,610.67 in EAJA fees that was awarded by the Court.  The Commissioner has filed a response to the motion stating that, given the effective hourly rate of the award sought by counsel, "either reducing or not reducing the requested fee would be within this Court's discretion."  [Dkt. 30.]

## II.  Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal.  42 U.S.C. § 406(b)(1)(A).  Even where an attorney's section 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III.  Discussion

As noted above, Plaintiff's counsel seeks an award of attorney's fees in the amount of $22,831.63, which is 25 percent of the total past-due benefits awarded to Plaintiff.  The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  535 U.S. at 793.

2

Those controls include the following parameters: (1) attorney fees may only be obtained if the claimant is awarded back benefits; (2) attorney fees are awarded from, not in addition to, those back benefits; and (3) attorney fees cannot exceed 25 percent of the back benefits. *Id.* at 795. Here, Plaintiff was awarded back benefits, so an award of section 406(b) attorney fees is appropriate.

However, a fee award of 25 percent of the amount of past-due benefits is not presumptively reasonable "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. In this case, Plaintiff's counsel expended a total of 28.2 hours litigating this case in this court. *See* [Dkt. 29-3].[2] Dividing $22,831.63 (i.e., the award counsel has requested) by the 28.2 hours spent, the average effective hourly rate comes to $809.63. For over a decade, "'[w]ithin the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable.'" *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see also Zimmerman v. Astrue*, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving an award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving an award equivalent to an hourly rate of $583.50). Awards with higher equivalent effective hourly rates also have been awarded on a regular basis. *See,*

---

[2] Plaintiff's counsel notes that he and his staff spent an additional 56.8 hours on this case at the administrative level. *See* [Dkt. 29 at 2]. This is not relevant to the fee motion, however, as 42 U.S.C. § 406(b) allows for an award of fees "for services rendered in connection with proceedings before a court."

*e.g.*, *Michael G. v. Kijakazi*, 2022 WL 130905, at *6 (S.D. Ind. Jan. 12, 2022) (effective hourly rate of approximately $927.12); *Ryan S. v. Kijakazi*, 2022 WL 93500, at *1 (N.D. Ill. Jan. 10, 2022) (effectively hourly rate of $653.19); *Bernarducci v. Saul*, 2021 WL 2376395, at *2 (N.D. Ind. June 10, 2021) (effective hourly rate of approximately $734.00).  The Court finds that the fee award sought by counsel here is not out of line with other recent fee awards in the Seventh Circuit, that it is consistent with the fee agreement executed by the claimant, *see* [Dkt. 29-2], and that the total award sought is reasonable.

### IV.  **Conclusion**

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b), [Dkt. 28], and awards fees in the amount of $22,831.63, to be paid directly to Plaintiff's counsel, Tim E. Staggs, by the Commissioner. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $5,610.67 in EAJA fees previously paid to counsel, and file proof that the refund was made, on or before **July 31, 2022**.

SO ORDERED.

Dated:  27 MAY 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.